UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificate Series 2006-6,<br><br>                              Plaintiff,<br><br>-v-<br><br>Heather Y. Harper a/k/a Heather Harper Clinton, et al.,<br><br>                              Defendants. | 2:25-cv-1565<br>(NJC) (SIL) |

**SUMMARY ORDER OF REMAND**

NUSRAT J. CHOUDHURY, United States District Judge:

On March 21, 2025, pro se Defendant Heather Y. Harper a/k/a/ Heather Harper Clinton ("Harper") filed a Notice of Removal together with the $405 filing fee seeking to remove to this Court a post-judgment mortgage foreclosure proceeding commenced in 2007 in the New York State Supreme Court, Suffolk County ("State Court") under Index No. 24566-2007. (Not. Removal ¶ 1, ECF No. 1; Filing Fee, Receipt No. 200005028.)[1] On March 26, 2025, Harper filed an Amended Notice of Removal. (Am. Not. Removal, ECF No. 4.) On April 11, 2025, Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-6 ("BoNY"), filed a letter seeking a pre-motion conference regarding its anticipated motion to remand this case. (BoNY Ltr., ECF No. 9.) By Order dated April 16, 2025,

---

[1] Harper has annexed to her Notice of Removal an Order Confirming Referee Report and Judgment of Foreclosure and Sale, entered on November 30, 2023, reflecting that "the Summons, Complaint, and Notice of Pendency [was] filed in this action on August 9, 2007 . . . ." (ECF No. 1 at 10.)

the Court directed a response to BoNY's letter by April 25, 2025, and Harper filed her response on April 22, 2025. (Harper Ltr., ECF No. 12.)

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal of a case to federal court as follows:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief, . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In addition, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed." *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," courts "must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotation marks omitted). "[T]he burden is on the removing party to prove that it has met

the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (citation omitted).

Here, Harper has not demonstrated that the Notice of Removal was timely filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1) given that she seeks to remove the action to this Court *almost eighteen years* after it was filed. Harper has also failed to attach "a copy of all process, pleadings, and orders served upon" her in the state court case as is required for removal. 28 U.S.C. § 1446(a). Further, Harper does not indicate whether the other Defendants "join[] in or consent" to the removal of this action. This is exemplified by the fact that the Notice of Removal is signed only by Harper and not by Defendants Amparo Vega, Christina Vega, or the State of New York. (Not. Removal at 6.)[2]

While these procedural deficiencies alone warrant remand, Harper's Notice of Removal also does not properly invoke this Court's subject matter jurisdiction. Indeed, Harper's reliance on her alleged federal defenses or counterclaims to invoke this Court's jurisdiction is misplaced.[3] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.") (internal quotation marks omitted) (emphasis in

---

[2] The Notice of Removal is also signed by Jovanni Giuseppe Whyte-Bey who is not a Defendant in this action. (Not. Removal at 6.)

[3] In this regard, Harper alleges that this Court would have "original federal question jurisdiction" citing 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (ECF No. 4 at ¶ 22.)

3

original). If Harper has a federal civil claim arising from the circumstances underlying the challenged state court matter, she must file that claim as an independent civil action.[4]

Accordingly, for all of these reasons, this action is remanded to state court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

Although Harper paid the filing fee in this Court, should she seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Central Islip, New York
       May 12, 2025

                                              */s/ Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge

---

[4] Indeed, Harper has done so. *See Harper et al. v. Bank of New York, et al.*, No. 2:25-cv-1573 (E.D.N.Y.) (also filed on March 21, 2025). The Court cannot ignore that Harper filed the complaint in that action and the Notice of Removal in the present action just ten days prior to the scheduled March 31, 2025 public auction of the foreclosed premises in an apparent effort to disrupt that sale. (*See id.*; Notice of Sale, ECF No. 1 at 8.)

4